## Eliphalet Perkins, Jr. *versus* William Douglass.

Where the owner of a chattel delivers it to another, and takes his promise in writing to return it on a day specified, or pay a sum of money therefor, the property in the chattel passes from the former to the latter.

Exceptions from the District Court for the Eastern District, Allen J. presiding.

Trover for a yoke of oxen. The writ was dated May 29, 1838. The plaintiff, to prove the property of the oxen to be in him, introduced a paper, of which a copy follows : —

"Orono, Jan. 5, 1836. Received of Eliphalet Perkins, Jr. four oxen, which I agree to return to him in good order on the first day of July next, with usual rent, or pay him ninety-five dollars, with interest from date.      Wm. Burton."

Burton testified, that he bargained with the plaintiff for the oxen at the time mentioned in the paper, and took possession of them, and let him have a horse in part payment; that he considered that he gave the plaintiff a lien upon the cattle by executing the paper; that he never sold the oxen to any one; that he was in partnership with one Annis in the lumbering business; and that Annis sold the oxen in the partnership name, without his knowledge or consent, to the defendant. The defendant claimed title under the sale from Annis, and introduced evidence tending to show, that the oxen were sold by consent of Burton.

The Judge instructed the jury, that the contract in writing between the plaintiff and Burton was not a bailment, but that it amounted to a sale; that when one receives an article of property, and agrees to return it or pay its value in money, the property passes; that the election in this case was with Burton to return the oxen or pay for them, and that the plaintiff was divested of his interest in them; that if Burton did not return the cattle by the time specified in the contract, he was to be considered as electing to hold them as his own; and that the only remedy of the plaintiff was for the price or value stated in the contract.

The verdict was for the defendant, and the plaintiff filed exceptions.

*Wilson*, for the plaintiff, contended that the plaintiff had never parted with any title to the oxen, and had merely hired, or let out, the oxen on certain conditions, neither of which has been performed. Burton must do one or the other before any right accrues to him. The contract clearly indicates the intention of the parties, that the property should remain in the plaintiff, until the money was paid. He cited Shep. Touchstone, 118; *Tibbetts* v. *Towle,* 3 Fairf. 341; *Lunt* v. *Whitaker,* 1 Fairf. 310; *Gleason* v. *Drew,* 9 Greenl. 79; *Galvin* v. *Bacon,* 2 Fairf. 28; *Lane* v. *Borland,* 2 Shepl. 77.

*J. Appleton*, for the defendant, contended that the instruction of the District Judge was right; and cited *Holbrook* v. *Armstrong,* 1 Fairf. 34; *Hurd* v. *West,* 7 Cowen, 752; *White* v. *Perley,* 15 Maine R. 471; *Smith* v. *Clark,* 21 Wend. 83; Story on Bailments, c. 6, § 439; *Dearborn* v. *Turner,* 16 Maine R. 17.

The opinion of the Court was by

SHEPLEY J. — The intentions of the parties to it, must be ascertained from the written contract, which will determine their rights. It is in the alternative, and permitted Burton to return the oxen, or pay the money, at his election. The legal effect of contracts of this description has been considered in the cases of *Holbrook* v. *Armstrong,* 1 Fairf. 34; *Dearborn*

v. *Turner,* 16 Maine R. 17 ; *Buswell* v. *Bicknell,* 17 Maine R. 344. Such a contract does not reserve to the seller any right in the property for the security of the purchase money. There may be reason to fear, that the parties designed to make a contract, that would have that effect ; but they have used such language, that it cannot, according to the well settled rules of law, thus operate. In the cases cited by the counsel for the plaintiff the contracts were not in the alternative ; the intentions of the parties to them were made sufficiently apparent ; and there was no rule of law violated in permitting them to be effectual.

<div align="right">

*Exceptions overruled.*